CHAPMAN, Executor, etc., v. BORER, Administrator, etc., and others.*

(*Circuit Court, D. Minnesota.*   February, 1880.)

JURISDICTION—CONCURRENT JURISDICTION OF THE CIRCUIT AND PROBATE COURTS—PAYNE v. HOOK, 7 WALL. 426, FOLLOWED.—In a suit against the administrator of an executor, by the citizens of another state, to enforce the payment of a judgment obtained against the decedent in such state, during his lifetime, and subsequently sued upon in the circuit court for the district of Minnesota, and judgment obtained thereon against the executor of the decedent, such circuit court has concurrent jurisdiction with the probate court of the state of Minnesota in which the wills of the decedent and the deceased executor have both been probated.

Demurrer to bill of complaint.

*H. J. Horn* and *I. V. D. Heard,* for complainant.

*Gilman & Clough,* for defendants.

NELSON, J.   This is a demurrer to a bill in equity filed by the complainant George M. Chapman, executor, etc., a citizen of the state of New York, against the defendants Felix A. Borer, administrator of the estate of John Gordon, deceased, Edson R. Smith, executor of the estate of George D. Snow, deceased, and others, citizens of the state of Minnesota.

The bill seeks to enforce the payment of a judgment obtained against John Gordon, in the state of New York, during his life-time, subsequently sued upon in this court, and a judgment obtained against George D. Snow, his executor, now deceased, to be paid out of assets in his hands.   Legatees, residuary and otherwise, are made parties defendant.

*See Levi v. Columbia Ins. Co.,* ante, 206.

A demurrer is interposed, and it is urged this court has no jurisdiction; and proceedings, at least, against the executor and administrator should be instituted in the probate court of Le Sueur county, in the state of Minnesota, where the will of John Gordon was probated, as also the will of George D. Snow, the executor of Gordon's estate.

The concurrent jurisdiction of this court as a court of equity is undoubted. 1 Curtis, 178; 5 Mason, 95; 10 Howard, 56–70; and 7 Wall. 426. John Gordon's estate is liable for the payment of his debts, (see Minn. Rev. St., 570, § 26,) and the executor Snow, to the extent of the assets, was a trustee for creditors. If Borer, the present administrator, has not sufficient assets, the representatives of Snow must respond if sufficient assets of Gordon's estate have passed into their hands.

The bill of complaint alleges that Snow, in his life-time, received a large amount of assets from Gordon's estate, and that all the legacies and debts except this judgment have been paid. I think it not doubtful that this court, the complainant being a citizen of another state, can, under the circumstances set up in the bill, entertain jurisdiction, and follow the property in the hands of legatees, or the representatives of Gordon under the will, to secure payment of the judgment, and in so doing make the administrator of Gordon and the executor of Snow parties to this bill of complaint. If the entire assets of a decedent's estate are in the hands of an executor or other trustee ready for distribution, and a demand is made by one or more distributees, which is refused, and the trustee will not account, I think this court, in a proper case, could enforce a distribution. The same principle is involved here. The jurisdiction of the probate court is not exclusive in such a case, as the bill in equity foreshadows. I understand the decision in *Payne* v. *Hook*. 7 Wall. 426, to go to this extent, without reference to the peculiar *status* of the probate court of Missouri.

Demurrer overruled, and defendants have until April rule day to answer.